UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD SCOTT,

                    Plaintiff,

      v.

DR. LEE,

                 Defendant.

CASE NO. C26-5211-JCC-BAT

**REPORT AND RECOMMENDATION**

*Pro se* plaintiff Richard Scott, a civilly committed resident at the Special Commitment Center ("SCC") of McNeil Island Total Confinement Facility ("TCF"), brings this Americans with Disabilities Act ("ADA") action against Dr. Lee, his medical services provider, in her official capacity. Dkt. 1. Mr. Scott alleges that Dr. Lee violated the ADA by refusing to order him a hospital bed despite medical conditions that require one. *Id.* Defendant moves for Federal Civil Rule of Civil Procedure 12(b)(6) dismissal for failure to state a claim, arguing that Mr. Scott does not plausibly allege that (1) his qualifying disability requires accommodation, and (2) he was denied a service because his disability. Dkt. 10. Having considered the parties' briefing, Dkts. 10, 12, 13, and the record, the Court recommends **GRANTING** defendant's motion to dismiss.

REPORT AND RECOMMENDATION - 1

## BACKGROUND

Mr. Scott alleges that Dr. Lee is his sole provider of medical services at SCC. Dkt. 1, at 2. Mr. Scott states that in the past he been housed in the medical care unit with a hospital bed. *Id.* In addition, a call button was added to his room because he had had several serious vertigo incidents, and the medical care unit is the only unit that has call buttons. *Id.* Once, Mr. Scott was moved to a basement unit and his hospital bed came with him. *Id.* When he was again moved to a basement unit, his hospital bed did not come with him. *Id.* When he was returned to the medical care unit, he was not provided with a hospital bed or with call buttons. *Id.* at 3. Although Mr. Scott asked for a hospital bed, and nurses and a physical therapist recommended that he be given a hospital bed, Dr. Lee declined to provide Mr. Scott with a hospital bed or to move him back to his preferred wing of the medical unit. *Id.*

Mr. Scott notes that he is now 78 years old, has serious balance issues, and uses a wheelchair and rides in a van for those with mobility issues when he travels outside of McNeil Island. *Id.* He also notes that he has diabetes and uses a medicated breathing mask as needed. *Id.* Mr. Scott alleges that, acting on behalf of the state, Dr. Lee has violated the ADA by failing to offer him the reasonable accommodation of having a hospital bed and call buttons within his room. *Id.* at 1, 4. As relief, he seeks a hospital bed, a room with call buttons, and $15,000 per day until those conditions are met. *Id.* at 4.

Mr. Scott filed an amended complaint that appears to be identical to the original complaint, but he later withdrew it. Dkts. 7–9. The original complaint is therefore the one at issue here.

REPORT AND RECOMMENDATION - 2

**DISCUSSION**

Defendant contends that Mr. Scott has failed to state a claim for lack of ADA accommodation or for discrimination that would justify monetary damages. Defendant is correct.

Under the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A total confinement facility like TCF is a "public entity" as defined in 42 U.S.C. § 12131(1)(B). *See Penn. Dep't of Corr. v. Yeskey*, 524 U.S. 206, 210 (1998); *Updike v. Multnomah County*, 870 F.3d 939, 949 (9th Cir. 2017). To show a Title II violation of the ADA, a plaintiff must show that (1) he has a qualifying disability, (2) he was excluded from or denied the benefits of a public entity, and (3) such treatment was by reason of his disability. *Weinreich v. Los Angeles Cty. Metro. Transp. Auth.*, 114 F.3d 976, 978 (9th Cir. 1997). The ADA defines "disability," in pertinent part, as "a physical or mental impairment that substantially limits one or more of the major life activities of such individual." 42 U.S.C. § 12102(1); *see Rohr v. Salt River Project Agricultural Imp. And Power Dist.*, 555 F.3d 850, 858 (9th Cir. 2009). Mr. Scott is unable to allege sufficient facts, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007).

Even presuming that Mr. Scott could demonstrate a qualifying disability, he has failed to allege how not being provided a hospital bed or call buttons constitutes being denied benefits or that such treatment was by reason of his disability. Mr. Scott refers to his advanced age, balance issues, breathing issues, and diabetes, but never explains why a particular kind of hospital bed and call buttons are required to address those conditions. Mr. Scott prefers to have a hospital bed

REPORT AND RECOMMENDATION - 3

and more immediate access to calling for medical attention, but his personal preferences that contradict those of his treating physician do not plausibly demonstrate that he is being denied medical care or treatment for his conditions. In fact, Mr. Scott himself acknowledges that he generally is housed and has a bed within the medical unit, is provided assistance for mobility during external transport, is offered a breathing mask when needed, and has at times been offered a more enhanced hospital bed and call buttons. That is, Mr. Scott is being provided a bed within the medical unit, it just is not the bed he wants, and he has access to medical staff, just not with the urgency and immediacy that he desires. Mr. Scott has not pleaded facts sufficient to show that defendant denied him a service because of his disability.

Moreover, Mr. Scott has failed to allege sufficient facts to demonstrate a plausible claim for intentional discrimination, and thus for entitlement to monetary damages. To recover monetary damages under Title II of the ADA, a plaintiff must prove intentional discrimination on the part of the defendant. *Duvall v. Cty. Of Kitsap*, 260 F.3d 1124, 1138 (9th Cir. 2001), *as amended on denial of reh'g en banc* (Oct. 11, 2001). The deliberate indifference standard is the test used by courts to assess intentional discrimination under the ADA. *Id.* Deliberate indifference requires proof that the defendant had notice and an opportunity to conform to the law. *Id.* at 1139. To meet the second element of this test, "a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." *Id.* Mr. Scott's allegations demonstrate that defendant has not acted with deliberate indifference. Mr. Scott acknowledges that defendant sought the advice of a physical therapist and nurses and has addressed his medical needs by housing him in the medical unit.[1]

---

[1] Nowhere in his complaint does Mr. Scott suggest that he is bringing this lawsuit as a 42 U.S.C. § 1983 civil rights action in which he claims inadequate medical care based on the general standard of deliberate indifference to serious medical needs. Dkt. 1. Out of an abundance of

REPORT AND RECOMMENDATION - 4

## CONCLUSION

For the reasons above, the Court recommends that Mr. Scott's complaint alleging an ADA violation be dismissed with prejudice. Although a *pro se* plaintiff's factual allegations may be construed more liberally than those brought by attorneys, Mr. Scott's vague and conclusory allegations of an ADA violation are insufficient to withstand a motion to dismiss for failure to state a claim. *See Bruns v. National Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). The Court further recommends leave to amend be denied, as no amendment will alter the conclusion that Mr. Scott's allegations demonstrate there is no ADA violation. *See Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (the Court may deny leave to amend if "it is absolutely clear that no amendment can cure the defect.").

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **July 6, 2026.** The Clerk should note the matter for **July 6, 2026**, as ready for the District Judge's consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's

---

caution, defendant nonetheless argues that Mr. Scott has not pleaded sufficient facts to raise a plausible § 1983 claim. The Court agrees that permitting a § 1983 claim based on inadequate medical care would be futile because Mr. Scott has not alleged that defendant was deliberately indifferent to his serious medical needs. *See Jett v. Penner* 439 F.3d 1091, 1096 (9th Cir. 2006). By Mr. Scott's admission, defendant has housed Mr. Scott in the medical unit of the facility in order to address medical concerns.

REPORT AND RECOMMENDATION - 5

consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed twelve (12) pages. The failure to timely object may affect the right to appeal.

DATED this 12th day of June, 2026.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6